Spear, J.,
dissenting. I am in accord with that part of the majority opinion given upon the rehearing wherein it is held with emphasis, as was foreshadowed in the opinion given when the case was first reported, to the effect that the general assembly has power to require physicians *316 to certify to the proper board such information respecting births and deaths as, speaking in general terms, will naturally come within the knowledge or observation of an attending physician. This upon the ground that the physician is licensed by the state, sections 1269 to 1295, General Code. This requirement is, therefore, not unreasonable, and it is hornbook knowledge that where special privileges are accorded by the state special duties in connection therewith may be exacted without awarding money compensation therefor.
But I dissent from the holding on the rehearing which will have the effect to destroy the act utterly. This judgment is put upon the ground that the provisions of the act which were within the power of the general assembly to enact are so interwoven with those admittedly invalid as to make the whole invalid. This is a holding that the general assembly would not have passed the portions of the act which it is now admitted that body had power to pass without including the provisions which are condemned. In other words, a hungry man presumably would reject a half a loaf unless he were offered a whole loaf. I. can find no such legislative purpose in the words or object of the act. The universal rule is that a part of a law may be unconstitutional while there is no such objection to the remaining parts, and in such case all of the law stands except the part which is unconstitutional. The use of the word “all” in section 13, and perhaps elsewhere in the act, purporting to require the physician to certify all the matters purporting to be required *317 by the act generally is not controlling; nor should it create doubt as to other portions of the act. Necessarily and reasonably, the “all” should be held to mean all those matters which the general assembly has the power to require to be certified, and the “proper certificate” required to be filed by the provisions of section 21, would naturally mean such certificate as the board has legal power to require, its power in that respect being now defined by the judgment of the court.
This view of the act does not affect the defendant in the case. He was properly ordered discharged by this court. The discharge may well rest upon the ground that the evidence adduced at the trial was insufficient to justify a verdict and judgment against him.